FILED
December 28, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003982639

C. Anthony Hughes SBN: 250998
1395 Garden Highway, Suite 150
Sacramento, CA 95833
Ph: 916.440.6666
Fax: 916.254.6666
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>**RAJ KAMAL CORPORATION**<br><br>Debtor | Case No. 11-36184-D-11<br>Chapter 11<br>Docket Control No.: CAH-018<br><br>Judge Robert S. Bardwil<br>Date: 01/11/2012<br>Time: 10:00 AM<br>Place: 501 I Street, 6th Floor<br>Sacramento, CA 95814<br>Department D – Courtroom 34<br><br>**MOTION TO COMPEL ABANDONMENT OF CERTAIN PERSONAL PROPERTY LISTED ON SCHEDULE "B" OF THE DEBTOR'S PETITION 11 USC § 554 (b)** |

Raj Kamal Corporation, the Debtor herein, hereby moves the court for an Order Compelling the Trustee to Abandon certain personal property listed on Schedule B of the Estate pursuant to 11 USC § 554 (b). This motion is based on the following facts:

1. Debtor operated a gas station located at 4991 Franklin Blvd., Sacramento, CA 95820.

2. As shown in the schedules filed with the Court, the Debtors personal property assets are disclosed on Schedule B of the petition (See Exhibit A).

3. This motion seeks to compel the trustee to abandon: A. Refund for Real Estate fees, B.Equipment and Inventory, C. The Lease.

4. The Debtor's personal property assets to be abandoned are as follows:

A. Refund for Real Estate fees

Debtor was charged by Minna Sandhu on Line 16 on Schedule B of the Petition. Debtor believes that the refund for real estate fees charged by Minna Sandhu is of inconsequential value because the litigation costs to retrieve the refund is in excess of the value of the asset. The principals of Debtor have tried repeatedly to collect the claim and it is apparent to them that a lawsuit is required because Minna Sandhu will not pay voluntarily.

B. Equipment and Inventory:

1 Register: $2,000.00
(11) security cameras with computer: $2,000.00
Ice Machine: $500.00
Stove top: $500.00
Hood top for stove: $2,500.00
Vapor tank (installed into ground): $20,000.00
Gas station sign displaying prices: $3,000.00
Total equipment Value: $**30,500.00**
Inventory: $**25,957.28**

TOTAL VALUE: ***$56,457.28***

There are competing liens by Cross Petroleum, Michael Hopper, and the Board of Equalization. This motion does not seek to resolve the extent, priority or validity of each lien. Instead the abandonment of assets secured by those claim holders is premised on the value of the assets being less than any one of the security interests of those claimants let alone the aggregate amount of secured claims held by those claim holders.

Cross Petroleum filed a claim for $135,717.96 on September 21, 2011. See Exhibit B

Michael Hopper filed a claim for $180,000.00 on July 19, 2011. See Exhibit C

Board of Equalization filed a claim for $73,798.80 on August 24, 2011. See Exhibit D

All are secured by the Equipment and inventory. Thus there is no equity in the equipment and inventory for the bankruptcy estate.

C. The Lease

The lease itself has no value because the payment is so large that the Principals of Debtor believe that nobody would be willing to pay to assume the lease. The Lease is currently delinquent for the month of December and is anticipated to remain delinquent until eviction proceedings are commenced. The monthly lease payment is $8,500.00.

The lease on page 15 paragraph number 10 (See Exhibit E) states that a breach of the buy-sell agreement is a default under the lease. The buy sell agreement includes an addendum (see Exhibit F) that includes a $120,000.00 note owed to the seller. That note is still due and payable. Debtor has been paying over $500 per month as a partial interest only payment (amount has fluctuated) on top of the lease payment in order to prevent a default on the note/addendum to the buy sell agreement. Thus any value the lease has is reduced by the amount owed on the note.

Lastly, the lease is in the name of the principals of the Debtor, Surinder Shoor and Kamaljit Shoor, and there is no written assignment of the lease to Debtor and no written consent of the Lessor to the assignment to Debtor. Thus it's arguable that the lease is not an asset of the Bankruptcy Estate at all.

6. The assets disclosed on Line 35, Schedule B of the Petition (See Exhibit A), secured by Cross Petroleum and the State Board of Equalization have no equity. The total value of assets disclosed on Line 35 have a value of $33,505.86. The amount of the secured claims attached to the items on Line 35 exceed the value of the assets. The Lien positions of Cross Petroleum and the State Board of Equalization are in dispute, but because both liens exceed the value of the assets, it appears there is no equity that can be profitably liquidated by the Chapter 11 Trustee.

Under 11 U.S.C. §554(b), the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

WHEREFORE, the Debtor moves the Court to issue an Order Compelling the Trustee to Abandon the personal property listed above pursuant to 11 USC § 554 (b).

Dated: 12/28/2011

By:/s/ C. Anthony Hughes
C. Anthony Hughes, Attorney for Debtor